**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN DOE,<br><br>                              Plaintiff,<br><br>          v.<br><br>HEUBACH, LTD.;<br>HEUBACH LTD, A NJ LIMITED<br>PARTNERSHIP; and<br>HEUBACH COLOR TECHNOLOGY INC.,<br>*et al.*,<br><br>                              Defendants | CASE NO. <u>23-1347</u> |

## O R D E R

AND NOW, this _____ day of _____, 2023, upon consideration

of the Motion of Plaintiff to Proceed Anonymously, and any Response thereto, it is hereby

**ORDERED** and **DECREED** that the Plaintiff's Motion is **GRANTED.**

It is **FURTHER ORDERED** and **DECREED** as follows:

1.     Plaintiff is permitted to file the Complaint so that the caption reflects the

pseudonym, "John Doe";

2.     The parties shall file any and all pleadings and other documents with the Court

using the pseudonym, "John Doe," and/or shall redact any pleadings and other

documents filed of Plaintiff's name;

3.     Plaintiff is permitted to redact Plaintiff's address from the Complaint, and any

amendment thereto.

BY THE COURT:

_____

, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, | CASE NO. 23-1347 |
| Plaintiff, | |
| v. | |
| HEUBACH, LTD.; | |
| HEUBACH LTD, A NJ LIMITED | |
| PARTNERSHIP; and | |
| HEUBACH COLOR TECHNOLOGY INC., | |
| *et al.*, | |
| Defendants | |

## <u>MOTION OF PLAINTIFF TO PROCEED ANONYMOUSLY</u>

Plaintiff hereby files the instant Motion to Proceed Anonymously and incorporates by reference all of the arguments contained in the accompanying Brief, as if the same were more fully set forth herein at length.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court grant the instant Motion to Proceed Anonymously; permit Plaintiff to use the pseudonym, "John Doe"; and permit Plaintiff to redact his home address from the Complaint.

Respectfully submitted,

**FREUNDLICH & LITTMAN, LLC**

DATED: 04/07/2023         */s/ Justin F. Robinette, Esquire*
                          Austin R. Freundlich, Esquire (I.D. # 205670)
                          Gregory C. Littman, Esquire (I.D. # 306806)
                          Justin F. Robinette, Esquire (I.D. # 319829)

                          1425 Walnut Street, Suite 200
                          Philadelphia, PA 19102
                          (215) 545-8500
                          justin@fandllaw.com

                          *Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN DOE, | CASE NO. 23-1347 |
| Plaintiff, | |
| v. | |
| HEUBACH, LTD.; HEUBACH LTD, A NJ LIMITED PARTNERSHIP; and HEUBACH COLOR TECHNOLOGY INC., *et al.*, | |
| Defendants | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY**

Plaintiff hereby files the instant Brief in Support of the Plaintiff's Motion to Proceed

Anonymously, and states as follows:

**I.      MATTER BEFORE THE COURT:**

Plaintiff's Motion to Proceed Anonymously, and Brief in Support Thereof.

**II.     QUESTION PRESENTED:**

1.     Whether Plaintiff should be permitted to proceed with a pseudonym and redact his home address from the Complaint based on Plaintiff's allegations of discrimination on account of gender stereotyping or gender non-conformity discrimination, or being perceived to be a gay man, as there is a likelihood Plaintiff will face further retribution if the information is publicized beyond an extent to which Plaintiff is comfortable?

Suggested Answer:  **YES.**

**III.    STATEMENT OF FACTS:**

Plaintiff seeks to proceed under the pseudonym, "John Doe," in the instant employment

discrimination case.   By way of background, Plaintiff identifies in the Complaint, throughout the

Complaint, as an having been "perceived or assumed to be gay" during his employment with his employer.  See Pltf.'s Compl., at para. 28-29.

Plaintiff asserts a hostile work environment claim.  Plaintiff alleges that he experienced "a hostile and abusive atmosphere while employed with Defendants based on the fact that Plaintiff was perceived or assumed to be gay and/or based on gender stereotypes."  See id. at para. 13.

Plaintiff alleges that he was "wrongfully terminated by Defendants on account of his perceived or assumed sexual orientation," or "on account of the fact that he was perceived or assumed to be gay and/or based on gender stereotypes."  See id. at para. 14.

Plaintiff was referred to as a "faggot" by Environmental Health and Safety ("EHS") Manager, Alexander Monteverde, who, according to the Complaint, "sent a chat to Plaintiff through the company's Microsoft Outlook program" referring to Plaintiff by the homophobic slur.  See Plaintiff's Complaint, at para. 16; see also Exhibit "B" to Plaintiff's Complaint which is a screenshot of the chat containing the slur.  Mr. Monteverde is alleged to have "had supervisory authority."  See id.

Plaintiff alleges he was subjected to illegal gender-stereotyping and gender non-conformity discrimination and harassment while employed by Defendant.  Plaintiff can point to direct evidence of the same during his employment as evidenced by the exhibit attached to his Complaint.  According to the Complaint, Plaintiff was also subjected to sexual harassment and sexually inappropriate behavior during his employment based on the fact Plaintiff was perceived or assumed to be gay.

Plaintiff alleges repeated instances of the use of the slur "f----t" or "fag" (hereinafter "f-g") by supervisors and co-employees of Defendant.  See id. at para. 19-25.  On another occasion,

according to the Complaint, "in or around Summer of 2021, Mr. Dupras, Vice President of Disbursements, was standing in a hallway outside of a restroom at the company, along with Mr. Bob Gray, Quality Control or Lab Manager, and Plaintiff, John Doe.  Mr. Dupras stated to the Plaintiff about Mr. Gray, 'I saw him sucking your dick,' or words to that effect."  See id. at para. 25.

Plaintiff alleges that he reported the harassment involving Mr. Monteverde, for example, when it occurred, on that day or the following day, to the Chief Operating Officer of Defendants' Company, but that the COO of the company did not correct or remedy the harassment.  See id. at para. 17-18.

Plaintiff has attached a Declaration in support of his Motion to Proceed Anonymously as Exhibit "A" hereto.  In the Declaration, Plaintiff described particular facts and circumstances to support the instant Motion including Plaintiff's statements that his close friends and family do not accept or support members of the LGBTQ+ community.  See Plaintiff's Declaration attached hereto as Exhibit "A, at paragraphs 1-2.  Plaintiff's religious denomination does not support and is not accepting of the LGBTQ+ community.  See id. at paragraph 3.

More specifically, Plaintiff stated as follows in the Declaration attached hereto as Exhibit "A":

1.   My family is not accepting of the LGBTQ+ community.

2.   My close friends are not accepting of the LGBTQ+ community.

3.   My religious denomination does not support and is not accepting of members of the LGBTQ+ community.

4.   My family and close friends would not support me being an ally to the LGBTQ+ community.

5.   I believe that if I were associated with what happened to me in this lawsuit that I would face the same kind of harassment that I did at Heubach.

4

6.     Members of my family, close friends, and members of my religious community would not accept if I were associated with the claims being made in this lawsuit.

7.     I disclosed my name to the Equal Employment Opportunity Commission in order to file a Charge of Discrimination in this case.

See Declaration of Plaintiff in Support of Motion to Proceed Anonymously, attached hereto as Exhibit "A," paragraphs 1-7.

According to the Complaint, during his employment, Plaintiff alleges he was openly referred to as a "f----t" and subjected to humiliating and denigrating treatment by his employer, and discriminated against because he failed to conform to the expectation or stereotype for his gender.

Plaintiff should not have to fear or continue to fear discrimination and harassment on the basis of the fact that he was perceived or assumed to be gay—that he did not conform to the expectation or stereotype for his gender—and he seeks this Court's permission to proceed with a pseudonym and to redact his home address from the Complaint for all of the reasons described more fully below.

## IV.     **LEGAL ARGUMENT:**

A party may proceed under a pseudonym in a lawsuit when there is a fear of social stigma resulting from disclosure, for example, of the party's sexual orientation, gender identity, or HIV-positive status.  See Doe v. Megless, 654 F.3d 404, 408-09 (3d Cir. 2011); see also Doe v. Borough of Morrisville, 130 F.R.D. 612, 614 (E.D. Pa. 1990); Doe v. Philadelphia Housing Authority, No. 2:18-cv-02948 (E.D. Pa. 2019) (recent decision granting the plaintiff anonymity in a perceived sexual orientation discrimination case where the plaintiff did *not* identify as gay but was subjected to gender stereotyping by being referred to as a "f----t").

In <u>Doe v. Megless</u>, the Third Circuit Court of Appeals specifically relied on the Eastern District of Pennsylvania's decision in <u>Doe v. Borough of Morrisville</u>, <u>supra.</u>, for its holding that cases involving a litigant's sexual orientation, gender identity, or HIV-positive status were appropriate for pseudonyms.  <u>Megless</u>, 654 F.3d at 408-09 (citing <u>Doe v. Borough of Morrisville</u>, 130 F.R.D. at 614)).

The Third Circuit in <u>Doe v. Megless</u> explained that a balancing test should be used when deciding whether "a litigant has a reasonable fear of severe harm that outweighs the public's interest in open litigation."  <u>Megless</u>, 654 F.3d at 408-09.  The "plaintiff must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'"  <u>Megless</u>, 654 F.3d 404, 408 (citing <u>Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.</u>, 596 F.3d 1036, 1043 (9th Cir. 2010)); <u>see also</u> <u>Doe v. United Servs. Life Ins. Co.</u>, 123 F.R.D. 437, 438 (S.D.N.Y. 1988).

The Third Circuit in <u>Megless</u> adopted a "non-exhaustive" list of factors from <u>Doe v. Provident Life and Accident Insurance Company</u>, 176 F.R.D. 464 (E.D. Pa. 1997), with respect to evaluating whether anonymity is warranted, including as follows, with respect to factors that favor anonymity:

    (1)     The extent the litigant's identity has been kept confidential;

    (2)     The basis on which disclosure is feared or avoided, and its substantiality;

    (3)     The magnitude of the public interest in maintaining the litigant's confidentiality;

    (4)     Whether, due to the purely legal issues, there is an atypically weak public interest in knowing the litigant's identity; and

    (5)     Whether the litigant has illegitimate ulterior motives.

<u>Megless</u>, 654 F.3d at 409 (citing <u>Doe v. Provident Life and Acc. Ins. Co.</u>, 176 F.R.D. 464, 467 (E.D. Pa. 1997)).

Furthermore, the following are factors which tend to disfavor anonymity:

(1)     Whether there is universal public interest in accessing the litigant's identity;

(2)     Whether, due to the subject matter, the litigant's status as a public figure, or otherwise, weighs strongly toward knowing [the litigant's] identity, beyond the [general] public interest; and

(3)     Whether opposing counsel, the public, or the press is illegitimately motivated.

Megless, 654 F.3d at 409 (citing Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. at 467).

   **A.     Plaintiff's Request for Anonymity Is Proper On the Basis That He Was Subjected to Discrimination and Harassment on Account of Being Perceived or Assumed to Be Gay—On the Basis of Gender Stereotyping—And That He Has a Legitimate Fear of Future Harm.**

Plaintiff was subjected to gender stereotyping or gender non-conformity discrimination, discrimination because Plaintiff was perceived or assumed to be gay, according to the Complaint.

During his employment, and as recounted in the Complaint, Plaintiff recounts multiple instances of harassment, use of the homophobic slurs, "f----t" and "f-g," and a sexually inappropriate comment toward Plaintiff by a Vice President that Plaintiff was "sucking [another employee's] dick" while standing outside a restroom.  See Plaintiff's Complaint, at para. 19-25.

Plaintiff also describes in a Declaration that he has attached for the Court's review that Plaintiff's friends and family are not accepting of members of the LGBTQ+ community.  See Plaintiff's Declaration attached hereto as Exhibit "A," at paragraphs 1-2.  Plaintiff's religious denomination does not support and is not accepting of the LGBTQ+ community.  See id. at paragraph 3.  According to Plaintiff's Declaration, his "family and close friends would not support me being an ally to the LGBTQ+ community, "I believe that if I were associated with what happened to me in this lawsuit that I would face the same kind of harassment that I did at Heubach," and, "Members of my family, close friends, and members of my religious community

would not accept if I were associated with the claims being made in this lawsuit." <u>See id.</u> at paragraphs 4-6.

Plaintiff's request for anonymity is proper and he points to <u>Doe v. Philadelphia Housing Authority</u>, No. 2:18-cv-02948 (E.D. Pa. 2019), <u>supra.</u>, under facts and circumstances analogous to the instant case, the Eastern District of Pennsylvania granted the plaintiff anonymity in a perceived sexual orientation discrimination case where the plaintiff did *not* identify as gay but was subjected to gender stereotyping by being referred to as a "f----t." The court permitted the plaintiff to adopt the pseudonym, "John Doe," in <u>Doe v. Philadelphia Housing Authority</u>, although the plaintiff originally filed the lawsuit using his real name. The instant case is analogous to <u>Doe v. Philadelphia Housing Authority</u>, No. 2:18-cv-02948 (E.D. Pa. 2019).

In the Middle District of Pennsylvania, a plaintiff-student who was perceived to be gay and who was referred to by the slur, "f----t," in an education discrimination matter, <u>Doe v. University of Scranton</u>, Case No. 3:19-cv-01486, ECF No. 24 (M.D. Pa. Mar. 16, 2020), was permitted to proceed with a pseudonym. <u>Doe v. University of Scranton</u>, Case No. 3:19-cv-01486, ECF No. 24, p. 5 (M.D. Pa. Mar. 16, 2020). Judge Mannion of the Middle District of Pennsylvania found that, "In addition to the record containing no indication that the plaintiff's allegations are unfounded, the court is well-aware of the threat of violence that the LGBTQ community can face. As such, we find plaintiff's reasons compelling for allowing him to proceed anonymously." <u>Doe v. Univ. of Scranton</u>, Case No. 3:19-cv-01486, ECF No. 24, p. 5 (M.D. Pa. Mar. 16, 2020).

Plaintiff also points to <u>Bostock v. Clayton County, Georgia</u>, Consolidated Case No. 17-1618, 590 U.S. ____, 140 S. Ct. 1731, 2020 WL 3146686 (U.S. June 15, 2020), for the proposition that discrimination on account of perceiving or assuming an individual to be gay is a

form of actionable gender stereotyping.  See also Couch v. Department of Energy, EEOC Appeal

No. 0120131136, 2013 WL 4499198 (E.E.O.C. Aug. 13, 2013).

     In Couch, an Equal Employment Opportunity Commission ("EEOC") administrative

panel decision, which is further supported by the Supreme Court of the United States' Bostock

decision, the EEOC held that discrimination on the basis of "perceived sexual orientation"

constituted sex discrimination where the "words 'fag' and 'faggot' were used."  See Couch v.

Dep't of Energy, EEOC Appeal No. 0120131136, 2013 WL 4499198 at *8 (E.E.O.C. Aug. 13,

2013).

     The EEOC in Couch recognized that the word "f----t" was a word that had "been

historically used in the United States as a highly offensive, insulting, and degrading sex-based

epithet against gay men," and "additionally, the words 'fag' and 'faggot' are offensive, insulting,

and degrading sex-based epithets historically used when a person is displaying their belief that a

male is not as masculine or as manly as they are."  Couch, 2013 WL 4499198 at *8 (citing

Nichols v. Azteca Restaurant Enters., Inc., 256 F.3d 864, 870, 875 (9th Cir. 2001)).  The EEOC

in Couch also cited the Ninth Circuit's Nichols v. Azteca Restaurant Enterprises decision for the

proposition that "verbal abuse, including the use of the epithet 'faggot,' occurred because of

sex."  Couch, 2013 WL 4499198 at *8 (citing Nichols, 256 F.3d at 875)).

     The Eastern District of Pennsylvania has granted anonymity in other cases that are

analogous to the instant case, for example, Doe v. Parx Casino, No. 18-5289 (E.D. Pa. Jan. 2,

2019), where the court granted anonymity in an employment discrimination matter for a lesbian

female employee with a "masculine gender expression," due to the plaintiff's fear of retribution

in that case, even though the plaintiff was openly gay.

Plaintiff notes that a conditional grant of anonymity was also permitted in the Eastern District of Pennsylvania in Doe v. The Gardens for Memory Care at Easton, No. 18-4027 (E.D. Pa. Sept. 21, 2018), a case in the Eastern District of Pennsylvania which involved a transgender employee alleging hostile work environment and wrongful termination.  Doe v. The Gardens for Memory Care at Easton, No. 18-4027 (E.D. Pa. Sept. 21, 2018) (Beetlestone, J.).  The decision in Doe v. Gardens for Memory Care relied in part on the workplace discrimination and harassment allegedly faced by the transgender employee in her workplace in the Doe v. Gardens for Memory Care case, in addition to statistical and anecdotal evidence of discrimination against members of the LGBTQ+ community more generally.  See id.

In a recent decision of the Honorable Matthew W. Brann, of the United States District Court of the Middle District of Pennsylvania, the court held, for example, that "as litigation around transgender issues has increased, so too have more courts permitted transgender plaintiffs to proceed pseudonymously."  See Doe v. Pa. Dep't of Corrections, No. 19-1584, 2019 WL 5683437 *1, *2 (M.D. Pa. Nov. 1, 2019) (Brann, J.).  Judge Brann found that transgender litigants like the plaintiff in Doe v. Department of Corrections were able to sufficiently demonstrate a need for the pseudonym sought.  Id.

In Doe v. Commonwealth of Pennsylvania, et al., No. 19-2193, Dkt No. 5 (M.D. Pa. Jan. 14, 2020) (Rambo, J.), Judge Rambo of the Middle District of Pennsylvania permitted a transgender litigant to proceed anonymously.  The court found that the litigant "keeping his name and address stricken from the pleadings would not impair the public's interest in following lawsuits or the opposing parties' interest in investigating the case."  See id. at pp. 2-3.  While the court reasoned that "[t]he public may have an interest in following the state of the law governing

transgender people," the court nevertheless recognized in that case that the public "has very little interest in finding out the identity of a specific transgender person."  Id. at p. 3.

**B.      Plaintiff's Request Is Proper Because Plaintiff Faces a Risk of Future Stigma or Violence.**

As the Third Circuit explained in Doe, the "bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases," weigh in favor of allowing anonymity.  Megless, 654 F.3d at 409.

In a decision of the Eastern District of Pennsylvania, Doe v. Parx Casino, No. 18-5289, ECF No. 4 (E.D. Pa. Jan. 2, 2019) (Slomsky, J.), cited above as a gender-stereotyping discrimination case where a lesbian employee was granted the ability to proceed anonymously, the plaintiff in Doe v. Parx Casino could show a reasonable fear of violence that justified anonymity even though she could not show that she kept her sexual orientation sufficiently confidential because she was openly gay.  See Doe v. Parx Casino, No. 18-5289, ECF No. 4 (E.D. Pa. Jan. 2, 2019) (Slomsky, J.), at p. 2.  The plaintiff in Doe v. Parx Casino alleged that she "fears that if she were to proceed under her given name, she might face violence, intimidation, and retribution based on her sexual orientation."  See id.  The defendant-employer pointed out that the plaintiff alleged she was "openly lesbian" in her complaint.  See id. at p. 3.

Judge Slomsky ruled in Doe v. Parx Casino that nonetheless the plaintiff "has shown that she has a reasonable fear of harm if she were to litigate without a pseudonym" because she "alleges that she has faced pervasive harassment based on her sexual orientation and the fact that she has a masculine gender expression," "[s]he alleges discriminatory conduct by co-workers that range from insults and name-calling to aggression, intimidation, and threats of physical violence," and "[a]s a result, she fears that proceeding anonymously will result in further threats,

violence, and retribution."  See Doe v. Parx Casino, No. 18-5289, ECF No. 4 (E.D. Pa. Jan. 2,

2019) (Slomsky, J.), at p. 3.

Furthermore, in Doe v. The Gardens for Memory Care at Easton, cited above as an

example of a transgender discrimination case which relied on evidence of discrimination and

harassment at the workplace, combined with statistical and anecdotal evidence of LGBTQ+ bias

and discrimination, Judge Beetlestone of the Eastern District of Pennsylvania permitted a

transgender employee to use a pseudonym.  The decision in Doe v. Gardens for Memory Care

did not require the plaintiff to demonstrate physical violence in the workplace and relied on the

fact that the "[p]laintiff sets forth a litany of comments and actions at work which she alleges

were directed at her transgender status and which support the workplace discrimination claims

she makes."  See Doe v. The Gardens for Memory Care at Easton, Case No. 18-4027 (E.D. Pa.

Sept. 21, 2018) (Beetlestone, J.), at p. 2, para. 5.  In Doe v. The Gardens for Memory Care at

Easton, the court ruled that this fact, in addition to the weight of statistical and anecdotal

evidence of anti-transgender violence and discrimination which the plaintiff had set forth in that

case more generally in the community at large, justified the court's grant of anonymity.  Id.; see

also Doe v. Univ. of Scranton, supra., Case No. 3:19-cv-01486, ECF No. 24, at p. 5 ("In addition

to the record containing no indication that the plaintiff's allegations are unfounded, the court is

well-aware of the threat of violence that the LGBTQ community can face.  As such, we find

plaintiff's reasons compelling for allowing him to proceed anonymously").

In addition to Plaintiff's allegations of harassment and discrimination directed toward

him based on the fact he was perceived or assumed to be gay—based on gender stereotypes—

Plaintiff points to additional anecdotal and statistical evidence to support his request for

anonymity analogous to the plaintiffs specifically in <u>Doe v. The Gardens for Memory Care at Easton</u> and in <u>Doe v. University of Scranton</u>.

Plaintiff points to national statistics which confirm that violence against members of the LGBTQ+ community is still on the rise currently with the most common targets being people who are transgender, *members of the gender non-conforming community, and gay men.*[1]  The FBI recently released formal hate crime statistics in 2017 showing what is believed to be an increase in the number of reported hate crimes.[2]

There are also several local incidents of violence which should be pointed out.  Naasire Johnson, a gay man, was recently murdered in Philadelphia.[3]  In 2022 in Philadelphia a bouncer was accused of punching and killing an ejected gay bar patron in the Philadelphia Gayborhood.[4] In 2019 five (5) individuals allegedly brutally beat a gay man outside a bar in the Philadelphia Gayborhood.[5]

---

[1] <u>See</u> Marzullo and Libman, Human Rights Campaign, "Research Overview:  Hate Crimes and Violence Against LGBTQ People" (2009), at page 2 [www.hrc.org/resources/hate-crimes-and-violence-against-lgbt-people]; Haeyoun Park and Iaryna Mykhyalyshyn, "LGBT People Are More Likely To Be Targets of Hate Crimes Than Any Other Minority Group," The New York Times (June 16, 2016) [https://www.nytimes.com/interactive/2016/06/16/us/hate-crimes-against-lgbt.html?_r=0]; Prakash, Nidhi, "This Report Says More LGBT People Were Killed So Far in 2017 Than in All of 2016," *Buzzfeed News* (August 10, 2017), available at [www.buzzfeed.com/nidhiprakash/lgbt-deaths-mid-2017?utm_term=.ls000lgVL#.nuMBBORP7].

[2] Dashow, Jordan, "New FBI Statistics Show Alarming Increase in Number of Reported Hate Crimes," *Human Rights Campaign* (November 13, 2018) [www.hrc.org/blog/new-fbi-statistics-show-alarming-increase-in-number-of-reported-hate-crimes].

[3] https://www.inquirer.com/news/philadelphia-kylen-pratt-naasire-johnson-murder-fairmount-park-20220711.html (July 11, 2022).

[4] https://www.nbcnews.com/nbc-out/out-news/bouncer-gay-bar-faces-murder-charge-punching-ejected-bar-patron-rcna26502 (Apr. 28, 2022).

[5] https://www.lgbtqnation.com/2019/01/5-people-jumped-car-brutally-beat-man-standing-outside-gay-bar/ (Jan. 30, 2019).

Transgender women, Shahere "Diamond" Jackson-McDonald, Dominique "Rem'mie" Fells, Mia Green, and Shantee Tucker were recently murdered in Philadelphia.[6]  The Morris Home for Hope, an LGBTQ-specific homeless shelter, appears to have been "firebombed" in a hate crime attack in 2018.[7]  In July 2017 residents of the same shelter reported being attacked.[8]

Plaintiff is not suggesting these circumstances are the same.  Plaintiff contends that it is not safe to be identified as an LGBTQ+ or gender non-conforming person or their ally.  Those who do not conform to society's expectations for their gender—gay men, those perceived to be gay, gender non-conforming individuals, and transgender individuals—are targets of stigma and violence.  Local anecdotal evidence and statistics, along with national anecdotal evidence and statistics, support Plaintiff's reasonable fear of future intimidation.

The circumstances described in the instant Motion are sufficient to justify anonymity similar to the circumstances in <u>Doe v. Philadelphia Housing Authority</u>, <u>Doe v. University of Scranton</u>, <u>Doe v. Parx Casino</u> and <u>Doe v. The Gardens for Memory Care at Easton</u>, <u>supra</u>. Plaintiff may face further retaliation if Plaintiff moves forward with his real name and address in this litigation.  Plaintiff respectfully requests that this Honorable Court therefore permit him to proceed anonymously in the instant case.

---

[6] https://www.nbcphiladelphia.com/news/local/transgender-woman-found-shot-to-death-in-philadelphia-apartment/3440360/ (Dec. 1, 2022); https://www.nbcnews.com/feature/nbc-out/fugitive-arrested-grisly-slaying-philadelphia-transgender-woman-n1247297 (Nov. 10, 2020); https://www.nbcphiladelphia.com/news/local/philly-man-charged-with-murder-of-transgender-woman/2547906/ (Sept. 29, 2020); Shaw, Julie, "Philly cops seek killer of trans woman, say motive behind shooting unclear," *Philly.com* (Sept. 5, 2018) [https://www.philly.com/philly/news/crime/shantee-tucker-philadelphia-shooting-trans-woman-old-york-road-hunting-park-20180905.html].

[7] Busey, Kelli, "Philly transgender group home firebombed in hate crime attack," *Planet Transgender* (June 29, 2018), available at [http://planettransgender.com/philly-transgender-group-home-fire-bombed/?cn-reloaded=1].

[8] Nieves, Alicia, "Police:  Transgender People Shot In Paintball Attacks," *CBS Philly* (July 7, 2017), available at [https://philadelphia.cbslocal.com/2017/07/07/philadelphia-police-investigating-series-of-paintball-attacks/].

**C.    The Public Interest Supports Maintaining the Confidentiality of Plaintiff's
Identity.**

According to Megless, when deciding the issue of anonymity, a court may consider "the

magnitude of the public interest in maintaining the confidentiality of the litigant's identity . . . ."

Megless, 654 F.3d at 409.  Conversely, if "there is an atypically weak public interest in knowing

the litigant's identit[y]," then this weighs in favor of permitting anonymity.  Id.

Individuals who are LGBTQ+, transgender individuals, gender non-conforming

individuals, and gay men, are recognized as having a strong interest in confidentiality.  See, e.g.,

Doe v. Pa. Dep't of Corrections, No. 19-1584, 2019 WL 5683437 at *2 (M.D. Pa. Nov. 1, 2019);

Doe v. Univ. of Scranton, Case No. 3:19-cv-01486, ECF No. 24, p. 6 (M.D. Pa. Mar. 16, 2020)

("Without the protection of anonymity, future such plaintiffs would likely decline to participate

in the lawsuit, and the public's interest in ensuring that those responsible for sexual orientation

discrimination are held responsible could remain suppressed.").  This is likewise the case here

where requiring an individual to litigate the instant anti-LGBT mistreatment publicly using their

real name and address would discourage the lawsuit being brought in the first instance.

Consideration of the public interest here also leans toward confidentiality and in favor of

Plaintiff.  Plaintiff is not a public figure and there is not a particularly strong interest in revealing

his identity.  See Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464, 468 (E.D. Pa. 1997);

Powell v. Schriver, 175 F.3d 107, 111 (2d Cir. 1999) ("[t]he Constitution does indeed protect the

right to maintain confidentiality of one's [transgender status] . . . [an] unusual condition that is

likely to provoke both an intense desire to maintain one's medical confidentiality, as well as

hostility and intolerance from others"); Doe v. Delie, 257 F.3d 309, 315-16 (3d Cir. 2001)

(transgender inmate entitled to medical privacy).  Furthermore, the public interest will best be

served by ensuring Plaintiff can proceed anonymously so that Plaintiff does not drop the lawsuit

to avoid being associated with the matter, as justice would not be served in such a case.  Further, if this were to occur, other individuals would be discouraged from remedying discrimination on similar facts in the future.

> ### D.   Plaintiff Seeks To Keep Only A Limited Amount of Information Confidential.

Plaintiff only seeks to keep a limited amount of information private.  It is especially appropriate to permit anonymity where a court can otherwise "keep the proceedings open to the public while still maintaining the confidentiality of plaintiff's identity."  See Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464, 468 (E.D. Pa. 1997).  In the instant case, Plaintiff is agreeable to conducting depositions and trial with his actual name used.  Plaintiff is also not requesting that this case be sealed. The public will know all other matters about this case from court submissions except the Plaintiff's name and address.  Plaintiff therefore respectfully requests that he be permitted to keep his name and address private in court filings because, as in Doe v. Commonwealth of Pennsylvania, supra., there is very little interest in knowing this particular litigant's identity.  Plaintiff's request for anonymity is justified and should be granted.

## V.   CONCLUSION:

For all of the foregoing reasons, Plaintiff respectfully requests that this Honorable Court grant the instant Motion to Proceed Anonymously; permit Plaintiff to use the pseudonym, "John Doe"; and permit Plaintiff to redact his address from the Complaint.

Respectfully submitted,

**FREUNDLICH & LITTMAN, LLC**

DATED:  04/07/2023         */s/ Justin F. Robinette, Esquire*
                          Austin R. Freundlich, Esquire (I.D. # 205670)
                          Gregory C. Littman, Esquire (I.D. # 306806)
                          Justin F. Robinette, Esquire (I.D. # 319829)

                          1425 Walnut Street, Suite 200

Philadelphia, PA 19102
(215) 545-8500
 justin@fandllaw.com

*Attorneys for Plaintiff*

**<u>CERTIFICATE OF CONCURRENCE/NON-OPPOSITION TO MOTION</u>**

Plaintiff's Counsel has contacted opposing counsel about the filing of this Motion, and opposing counsel has consented to the relief requested therein, so long as the case will not be under seal, Plaintiff's name will be used throughout the case, and Heubach will not in any way be restricted in its defense of the Complaint.  Plaintiff's Counsel is agreeable to these conditions.

Respectfully submitted,

**FREUNDLICH & LITTMAN, LLC**

DATED:  <u>04/07/2023</u>          <u>*/s/ Justin F. Robinette, Esquire*          </u>
Austin R. Freundlich, Esquire (I.D. # 205670)
Gregory C. Littman, Esquire (I.D. # 306806)
Justin F. Robinette, Esquire (I.D. # 319829)

1425 Walnut Street, Suite 200
Philadelphia, PA 19102
(215) 545-8500
 justin@fandllaw.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I, <u>JUSTIN F. ROBINETTE, ESQUIRE,</u> Attorney for Plaintiff, do hereby certify that on this <u>7th</u> day of <u>APRIL,</u> <u>2023</u>, Plaintiff's Motion of Plaintiff to Proceed Anonymously, together with the Brief in Support thereof, and any accompanying documents, were filed using the Eastern District of Pennsylvania's ECF system, and served on the following via e-mail on this same date:

Kimberly L. Russell, Esquire
Kaplin Stewart
910 Harvest Drive, Suite 200,
Blue Bell, PA 19422
krussell@kaplaw.com

Respectfully submitted,

**FREUNDLICH & LITTMAN, LLC**

DATED:  04/07/2023                     */s/ Justin F. Robinette, Esquire*
                                        Austin R. Freundlich, Esquire (I.D. # 205670)
                                        Gregory C. Littman, Esquire (I.D. # 306806)
                                        Justin F. Robinette, Esquire (I.D. # 319829)

                                        1425 Walnut Street, Suite 200
                                        Philadelphia, PA 19102
                                        (215) 545-8500
                                         justin@fandllaw.com

                                        *Attorneys for Plaintiff*