### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN DOE** | **:** | |
| | **:** | **CIVIL ACTION NO. 23-1347** |
| **v.** | **:** | |
| | **:** | |
| **HEUBACH LTD, ET AL.** | **:** | |
| | **:** | |

### REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on **June 7, 2023** and submit the following report of their meeting for the Court's consideration:

Date of Rule 16 Conference: **June 12, 2023**     Time of Rule 16 Conference:: **2:30pm**

**1.      Discussion of Claims, Defenses, and Relevant Issues**

<u>From the Plaintiff:</u>

Plaintiff, John Doe, asserts claims of, *inter alia*, hostile work environment and wrongful termination based on perceived sexual orientation.  Plaintiff was Defendants' Director of Technology making an annual salary of approximately $108,000.00 at the time of his wrongful termination.  Plaintiff alleges he was harassed and wrongfully terminated because he "was perceived or assumed to be gay and/or based on gender stereotypes."  <u>See</u> Plaintiff's Complaint, at para. 13.  Plaintiff is seeking back and front pay, compensatory damages for pain and suffering, humiliation and embarrassment, loss of enjoyment of life and life's pleasures, and punitive damages under Title VII.

During Plaintiff's employment, Plaintiff was referred to as a "faggot" (hereinafter, "f----t") by Defendants' Environmental Health and Safety ("EHS") Manager, in a chat message, during a chat session.  Plaintiff requested permission to access the individual's computer on the

date in question as Plaintiff always does.  Plaintiff captured the screenshot of himself being referred to as a "f----t" by the EHS Manager.  Plaintiff did not reply to the message.  Plaintiff contends that this evidence is direct evidence or smoking-gun evidence of gender stereotyping and sex discrimination.

Plaintiff alleges further harassment while employed by Defendants.  Plaintiff alleges repeated instances of the use of the slur "f----t" or "fag" (hereinafter "f-g") by supervisors and co-employees of Defendants.  On another occasion, Defendants' Vice President of Disbursements commented to Defendants' Quality Control or Lab Manager that the Lab Manager was caught "sucking [Plaintiff's] dick."  Plaintiff denies doing this.

Plaintiff alleges that he reported sexual harassment to the Chief Operating Officer of Defendants' Company, but that the COO of the company did not remedy the harassment. Plaintiff alleges tangible employment action was taken against him in the form of wrongful termination.  Plaintiff points to several similarly-situated comparator employees who were treated differently by not being terminated for the same conduct alleged by Defendants of the Plaintiff.  In fact, Mr. Roman Yanush, who is also in the IT department, engaged in the same conduct alleged by Defendants, *and on the very same date*, but Mr. Yanush was not terminated by Defendants.  Mr. Yanush was not perceived or assumed to be gay.

Plaintiff has also since seen a trauma therapist following his termination.

<u>From the Defendants:</u>

Employer terminated Plaintiff for Plaintiff's continued insubordinate behavior and after a final warning.  Plaintiff's allegations of inquiries and statements about Plaintiff's perceived "sexual orientation" are knowingly false, Plaintiff never reported any issue regarding an inquiry into Plaintiff's alleged "sexual orientation," and the decision maker who decided to terminate

Plaintiff's employment is not in any way alleged by Plaintiff to have had any involvement in Plaintiff's fabricated allegations.

There literally is no evidence that Plaintiff ever reported any alleged comments or "slurs" to any representative of Employer at all until Plaintiff's first attorney reported the allegation to Employer's counsel after Plaintiff's termination for insubordination.

Even if Plaintiff reported the alleged exchange to "the COO" and received no response, which is denied, Employer had a full time Human Resources representative on staff in April 2020 to whom Plaintiff could have reported the alleged exchange.  Plaintiff made a complaint to that Human Resources representative about another unrelated issue, so Plaintiff certainly knew how to make a complaint and Plaintiff does not allege at all that Plaintiff was unable or unaware as to how to raise a complaint.  Plaintiff failed to report the alleged exchange to Human Resources or any other Employer representative.  Employer never was aware of Plaintiff's allegation until after Plaintiff's termination for insubordination.

Plaintiff's generic, self-serving allegations that unnamed persons allegedly used slurs do not even purport to allege any conduct directed to Plaintiff, any allegation about Plaintiff's sexual orientation, nor did Plaintiff report the use of the alleged slurs.  Employer cannot investigate allegations of which Plaintiff never made Employer aware.  Plaintiff had the opportunity and means to report his self-serving allegations to Employer but by his own admission never did so.  Plaintiff's unsubstantiated, generic allegations based upon Plaintiff's alleged "recollection" and attribution of those allegations to specific, named persons throughout the Complaint when Plaintiff asked this Court to proceed anonymously are shameful.

Employer terminated Plaintiff for Plaintiff's continued insubordination after Plaintiff was given a warning not to engage in such conduct.  Plaintiff's insubordinate conduct also

encouraged the insubordinate conduct of an employee whom Plaintiff supervised (Mr. Yanush, whom Plaintiff now accuses of asking improper questions about Plaintiff's sexual orientation which Plaintiff never reported as was Plaintiff's supervisory responsibility) and Employer terminated Plaintiff for Plaintiff's continued failure to follow the appropriate directives of Employer in the performance of Plaintiff's job duties.

Plaintiff was terminated for continued insubordination, not delegation of tasks. Part of Plaintiff's insubordination was that Plaintiff encouraged Plaintiff's subordinate (Mr. Yanush, whom Plaintiff falsely claims is a comparator) to refuse to perform the same tasks which Plaintiff refused to perform. Had Plaintiff simply delegated tasks to Plaintiff's subordinate and Plaintiff's subordinate performed the assigned tasks, there would have been no reason to terminate Plaintiff. Instead, Plaintiff decided that Plaintiff would not follow an appropriate work directive and encouraged Plaintiff's subordinate to do the same. Plaintiff now accuses that subordinate of making an improper inquiry about Plaintiff's sexual orientation, which inquiry Plaintiff never reported despite Plaintiff's obligation to do so. Plaintiff entirely disregards Plaintiff's obligation as a manager to follow company policy and work with Employer to eradicate any harassing behavior in the workplace. Plaintiff wholly failed to report or help eradicate the alleged behavior and after Plaintiff's termination claims to be the victim of slurs which even by Plaintiff's account were not directed to Plaintiff.

Plaintiff's allegations are nothing more than a libel of Plaintiff's former co-workers and do not, even if true, establish that any Employer representative who made the decision to terminate Plaintiff's employment either was aware of Plaintiff's allegations or made any such statements about Plaintiff. Plaintiff never alleges that the individual who made the decision to terminate Plaintiff was ever aware of any allegation about Plaintiff's alleged sexual orientation.

**2.      Informal Disclosures**

The parties intend to exchange Initial Disclosures on or before the date of the Rule 16 conference.

**3.      Formal Discovery**

Plaintiff requests one-hundred and twenty days (120), the standard period, for discovery. Defendant has requested one hundred and eighty (180) days for discovery.  The parties intend to exchange written discovery and then identify relevant deponents for deposition.  At this time, Plaintiff's Counsel intends to take the depositions of Mr. Monteverde, Mr. Dupras, Mr. Gray, and Mr. Yanush.  Defendant intends to depose Plaintiff and possibly others as discovery continues.

**4.      Electronic Discovery**

The parties agree to identify and produce any and all relevant electronically-stored information ("ESI").  The parties agree to mutually work together to resolve any issues involving ESI.  At this time, the parties do not anticipate any issues involving ESI.

**5.      Expert Witness Disclosures**

 The parties agree to and respectfully request the following expert deadlines in the instant matter:

- The deadline for the production of Plaintiff's expert reports and *curricula vitae* shall be thirty (30) days following the discovery deadline in the instant matter.

- Defendant's expert reports and *curricula vitae* shall be due thirty (30) days following the deadline for the production of Plaintiff's expert reports and *curricula vitae*.

- Any rebuttal reports from Plaintiff shall be due within thirty (30) days following the deadline for the production of the defense expert reports and *curricula vitae*.

- Expert witness discovery shall be completed on or within forty-five (45) days of the deadline for Plaintiff's submission of a rebuttal report.

- Any *Daubert* motions shall be filed within thirty (30) days of the deadline for the completion of expert witness discovery.

- Any responses in opposition to *Daubert* motions must be filed within thirty (30) days of the filing of the motion.

**6.      Insurance Coverage**

There is no insurance coverage applicable to the above matter.

**7.      Settlement or Resolution**

The parties are agreeable to participating at this time in a settlement conference before a Magistrate Judge.

**8.      Trial date**

The parties request a trial date certain.

**9.      Length of Trial**

It is anticipated that trial will last 5 days.

**10.     Other Matters**

None at this time.

Respectfully submitted,

**VAN DER VEEN, HARTSHORN AND LEVIN**

*/s/ Justin F. Robinette, Esquire*

6

JUSTIN F. ROBINETTE, ESQUIRE
Attorney I.D. No. 319829
VAN DER VEEN, HARTSHORN AND LEVIN
1219 Spruce Street
Philadelphia, PA 19107
Phone: (215) 546-1000
Fax: (215) 546-VLAW
jrobinette@mtvlaw.com

*Attorneys for Plaintiff*


DATED:  06/07/2023


**KAPLIN STEWART MELOFF REITER & STEIN, P.C.**


*/s/ Kimberly L. Russell, Esquire*
**By:**  Kimberly L. Russell, Esquire
Attorney I.D. No. 74057
910 Harvest Drive, Suite 200
Blue Bell, PA 19422
Phone: (610) 941-2541
Fax: (610) 684-2026
krussell@kaplaw.com

*Attorneys for Defendants*


DATED:  06/07/2023