IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | No. 23-1347 |
| v. | : | |
| | : | |
| HEUBACH, LTD; | : | |
| HEUBACH, LTD, A NJ LIMITED | : | |
| PARTNERSHIP; and | : | |
| HEUBACH COLOR TECHNOLOGY, INC. | : | |
| | : | |
| Defendants. | : | |

# ORDER

This 14th day of November, 2023, in response to Plaintiff's discovery motions (ECF 18) and Defendants' response and cross discovery motions (ECF 19), it is hereby **ORDERED** as follows:

1. Plaintiff's Motion for Protective Order over Defendants' ninety-one Requests for Admission is **GRANTED in part** and **DENIED in part**. Inasmuch as a majority of the requests address issues that will be the subject of Plaintiff's deposition, Plaintiff is not required to answer until the deposition is complete. Following the deposition, Defendants may identify any requests not encompassed within Plaintiff's testimony.

2. Plaintiff's Motion to Compel Full and Complete Responses to Plaintiff's Interrogatories and Requests for Production is **DENIED** as **MOOT**. The Court expects counsel to cooperate in solving such an elemental problem.

3. Plaintiff's Motion to Compel Depositions is **DENIED** as **MOOT**. The Court expects Defendants' counsel to produce the requested witnesses or to cooperate with Plaintiff's counsel in securing their attendance through subpoena.

4. Defendants' Motion to Compel Plaintiff's Deposition is **DENIED** as **MOOT**. Again, the Court expects Plaintiff's counsel to cooperate in timely production of his client for deposition after the Defendants have responded to written discovery.

5. Plaintiff's Motion to Compel Deposition of Defendants' counsel, Kimberly Russell, is **DENIED**. Correspond, Defendants' Motion for Protective Order to preclude the deposition of Defendants' counsel is **GRANTED**. Provided, however, that defense counsel is strictly precluded from making reference to her being present at the time of Plaintiff's termination while questioning Plaintiff at deposition or at trial, and further provided that to the extent counsel frames a question purporting to quote a statement from Plaintiff during the termination meeting, she must be prepared to specifically identify another person present at the termination meeting as the source of such information.

6. Defense counsel's request for fees and costs associated with Plaintiff counsel's failure to appear at the first scheduled deposition is **DENIED.**

7. All discovery deadlines shall be extended by seventy-five (75) days as follows:

    a. All factual discovery shall be completed by **January 29, 2024.**

    b. Expert reports for the Plaintiff, if any, shall be due by **January 29, 2024.**

    c. Expert reports for the Defendants, if any, shall be due by **February 28, 2024.**

    d. Dispositive motions, if any, shall be due by **February 12, 2024.**

Both counsel are cautioned that the patience of the Court for unprofessional bickering is close to exhaustion.

  /s/ Gerald Austin McHugh  
United States District Judge